## J. D. LEWIS ET AL *v.* L. H. HAWKINS.

**Trial—Dismissal of Action upon Rule.**

    It is erroneous to dismiss a cause of action, upon a rule to show cause why plaintiffs petition should not be stricken, because no process was served since the preceding term.

**Same—Dismissal without Prejudice.**

    In such an action, the court could direct the character of judgment to be rendered below, but upon a rule, for want of further preparation, the cause cannot be adjudicated upon its merits.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 27, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant, Lewis, filed his petition in equity against L. H. Hawkins and others to subject a tract of land to his asserted vendors' lien, averring that the title was in some heir at law, one of which was Mrs. Mary E. Sinclair, the wife or W. P. Sinclair, together with her husband, were made parties. The officers return showed an execution of process on her April 21, 1863, but that her husband was dead.

August 21, 1863, H. P. Thompson filed his petition against the same parties, save W. P. Sinclair, asking that said land be subject to his judgment against said Hawkins and return upon execution no property found to make any part thereof, for over three thousand dollars.

These suits were consolidated, and after full preparation were, October 15, 1866, submitted for hearing, but three days thereafter without setting aside the order of submission and without any specific cause set out, on the defendant's motion the court granted a rule against plaintiffs to show cause why their petitions should not be dismissed for want of preparation, made returnable at the calling of the cause at the next term; no defect of preparation is suggested either in the motion or rule.

At the next term an order of dismission, without prejudice was made, upon said rule because no process since the last term had been sued out.

This appeal seeks the correction of this error.

It is insisted by appellee that W. P. Sinclair was a necessary party and not having been served with process the judgment on the rule was right, and this is the only defect of preparation or non-execution of process that is now suggested.

The motion and rule are too vague and general to predicate any judgment of dismissal upon, for parties should be informed by the court what is the defect and not left to grope their way in uncertain conjecture. But the whole motion, and rule, and judgment seems to have been based upon a mistake of fact. As W. P. Sinclair could only be a necessary party because of his wife's being interested in the legal title when he died neither a revision against his representatives nor further proceedings more than to suggest his death in the judgment to be rendered by the court was essential, to Lewis' petition. He being dead before Thomp-

son's suit was instituted was an all sufficient reason why he was not made a party nor mentioned therein.

The judgment must be reversed, with directions to proceed to judgment upon the order of submission without further preparation.

As this case was dismissed upon rule, which precludes the idea of adjudication upon the merits, we cannot determine how the case should be finally disposed of. To dismiss upon rule is very different from a dismission, without prejudice, upon hearing, for even in such a case this court can direct, the character of judgment to be rendered, but when dismissed upon rule, for want of further preparation, it is not adjudicated upon the merits at all and we can only correct the error as to the judgment on rule and not upon final hearing.

Wherefore, the judgment is reversed, with directions for further proceedings as herein indicated.

*Johnson, for appellants.*

*Kavanaugh, for appellee.*